■ HENDRICKSON BROS., INC. et al., Appellants, v TOWN OF BABYLON,

Respondent.—In an action *inter alia* (1) to declare that defendant Town of Babylon has no jurisdiction over the performance of certain sewer work performed pursuant to contract with the County of Suffolk and (2) for injunctive relief, plaintiff Hendrickson Bros., Inc. (Hendrickson) appeals from a judgment of the Supreme Court, Suffolk County, entered November 18, 1974, after a nonjury trial, which (1) declared that plaintiffs must comply with all ordinances of the defendant Town of Babylon in performing sewer work under their respective contracts and (2) denied their application for injunctive relief. Judgment reversed, on the law, with costs to appellant Hendrickson (appellant J. D. Posillico, Inc., not having filed a brief), and (1) it is declared that the defendant Town of Babylon has no jurisdiction over the performance of the said sewer work covered by Hendrickson's contracts (Nos. 1001; 2001; 1–10; 1008 and 1009) with the Department of Environmental Control of the County of Suffolk; (2) defendant is enjoined from demanding that Hendrickson obtain permits from it and file surety indemnity bonds for the performance of work covered by the said contracts; (3) defendant is enjoined from interfering with Hendrickson's performance of the said county sewer work; and (4) it is declared that the permits and surety indemnity bonds heretofore furnished to defendant by Hendrickson were not validly required and that such permits and bonds may not be demanded by defendant from Hendrickson in connection with the subject county contracts. Action remanded to Trial Term for the entry of an appropriate amended judgment in accordance herewith. In our opinion, article 5-A of the County Law vests sole jurisdiction in the county over the performance of the county sewer work covered by the subject contracts with the Department of Environmental Control of the County of Suffolk (see *County of Westchester v Village of Mamaroneck,* 22 AD2d 143, affd 16 NY2d 940). Dual jurisdiction between the county and the towns, villages and cities through which the installations pass could result in placing county contractors in the intolerable position of having to violate county contracts in order to comply with town, village or city specifications imposed over, beyond and after the making of the county contracts. Further, dual jurisdiction would hamper the preparation of intelligent and low bids as there would be uncertainty as to which localities might impose or enforce requirements over and beyond the county's specifications. Latham, Margett, Brennan and Shapiro, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm on the opinion of Mr. Justice Stark at Trial Term.